E-FILED
Monday, 23 May, 2016  03:09:05 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GARY KING,           )
    Plaintiff,      )
                    )
vs.                  )   Case No. 15-2242
                    )
SECURITY & MEDICAL STAFF, )
    Defendants.     )

## MERIT REVIEW ORDER

This cause is before the Court for consideration of the Plaintiff's motion for leave to file an amended complaint. [14] Plaintiff's original complaint was dismissed because the Plaintiff, a pro se prisoner, failed to state how any named Defendant was involved in his allegations. *See* January 15, 2016 Merit Review Order. Plaintiff was given additional time to clarifying his claims and Defendants.

Plaintiff has now complied with the Court's order and his motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [14] The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff has identified four Defendants from the Piat County Jail including Superintendent Bell, Sergeant Turngreen, Sergeant Donahue and Officer K. On July 30, 2015, Officer K delivered Plaintiff's lunch tray. Plaintiff began to eat and discovered glass in his food. Plaintiff says he swallowed some of the glass and spit out both glass and blood.

Plaintiff complained to Defendants Bell and Donahue and showed them the glass and blood.  Plaintiff also asked to see medical personnel, but no one came to his cell.  Plaintiff says he suffered with stomach pain for four days before he saw a nurse.  During this time, Defendants Bell, Turngreen and Donahue knew Plaintiff needed medical attention, but none of them took any action.

Plaintiff has alleged Defendants Bell, Turngreen and Donahue violated his constitutional rights when they were deliberately indifferent to a serious medical condition.   However, the Plaintiff has failed to articulate a claim against Officer K.  Although the officer delivered lunch trays, Plaintiff does not allege the officer knew there was glass in the food, nor that the officer was responsible for preparing the food.  The Court will also dismiss Defendants "Security and Medical Staff" as they are no longer identified as Defendants in the amended complaint.[1, 14]

IT IS THEREFORE ORDERED that:

1) Plaintiff's motion for leave to file an amended complaint is granted. [14]

2) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges Superintendent Bell, Sergeant Turngreen, and Sergeant Donahue violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition in July of 2015. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants'

counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense

counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to amend his complaint; [14]; 2) Dismiss Defendant Security and Medical Staff and Defendant K for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) change the caption of this case to *King v. Bell*; 4) Attempt service on Defendants pursuant to the standard procedures; 5) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 6) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 23rd day of May, 2016.

      s/ Joe Billy McDade
      _____
      JOE BILLY MCDADE
      UNITED STATES DISTRICT JUDGE